Green, J.,
delivered the opinion of the court.
This is an action of trover, for slave Harriet.
The bill of exceptions shows, that Mrs. Duckworth, when a girl, lived with defendant Overton; that she intermarried with one Taylor, after which Overton gave, or loaned her the slave Harriet for life, and put said slave in her possession. Taylor continued in possession of the slave during his life, more than three years, and by Ms will gave the slave to his wife for life — remainder to said Overton. After the death of Taylor, Mrs. Taylor went to the house of Overton, and again *382 made it her home, and taking said slave with her, she delivered her to Overton, saying that she was his negro. Overton retained possession under such surrender, and controlled said slave as he did his other slaves. This action of trover was brought by Mrs. Taylor, without any demand of the slave, and refusal to deliver her up by Overton.
The plaintiffs in error have intermarried since the commencement of this suit.
The court told the jury, in substance, that upon these facts the action could not be maintained. The jury found for the defendant, and the plaintiff appealed to this court.
We think there is no error in this record.
The general principle is, that when property is delivered to a party, and it is possessed, and used, no otherwise, than in accordance to the terms and license upon which the delivery was made, no action of trover will lie without demand, and refusal to deliver, because there has been no wrongful act, and consequently no conversion. 2 Greenleaf' s Ev., § 642-8; 2 Saund Pl. and Ev., 880-2.
But it is supposed that a different principle prevails in this case, because, although the verbal gift of the slave, would pass no title; yet if under sucl^ gift, the donee hold possession for three years, such possession being for himself, would work a title, by force of the statute of limitations, and as a consequence, it is argued, the possession, although by the express assent of the legal owner, is a wrongful act, being hostile to his title.
We do not concur with this reasoning. Adverse possession, under the statute of limitations, is a possession held for oneself, under a claim of title. By our law, no conveyance of a slave by gift or sale is valid to pass the title, unless it be in writing. But a verbal gift, with possession by the donee for three years, will vest the title. Now, certainly, if it is the will of the donor, that the donee shall thus acquire title, and *383 to that end, he makes the verbal gift, and places the slave in the donee’s possession; it cannot be said that such possession is a wrong to the donor, although its effect, if continued three years, will be to divest him of the title.
If the principle, contended for by the counsel for the plaintiffs in error were established as the law, a party might give another a slave to-day, and sue him for the value of the slave to-morrow, without any demand, and without any wrong on the part of the possessor. The very gist of this action, consists of the wrong done; the conversion of the property contrary to the owner’s will, and in violation of his right. This we think cannot be, when the act done is in accordance with the will, and by the express license of the owner.
Affirm the judgment.